PER CURIAM.
This matter is before the Court for consideration of proposed amendments to the Florida Probate Rules. We have jurisdiction. See art. V, § 2(a), Fla. Const.
On October 30, 2006, the Florida Probate Rules Committee (Committee) filed a fast track report recommending various amendments to the Florida Probate Rules in response to 2006 legislation. The Committee has proposed amendments to a number of rules, mostly in response to statutory changes made by chapters 2006-77 and 2006-178, Laws of Florida. Chapter 2006-77 became effective June 6, 2006, *736 and chapter 2006-178 became effective July 1, 2006. In addition, the Committee has recommended amendments to several rules in order to reflect the recent renumbering of the Florida Rules of Judicial Administration. See In re Amend, to Fla. Rules of Jud. Admin., 939 So.2d 966 (Fla. 2006). All proposed amendments were approved by unanimous vote of the Committee and the Executive Committee of The Florida Bar Board of Governors. The Committee published the proposals in the November 1, 2006, edition of The Florida Bar News, with a request that comments be filed directly with the Court. No comments have been filed.
Accordingly, upon consideration of the Committee’s report and the relevant legislation, we hereby amend the Florida Probate Rules as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
RULE 5.030. ATTORNEYS
(a)-(c) [No Change]
Committee Notes
The appearance of an attorney in an estate is a general appearance unless (i) specifically limited at the time of such appearance or (ii) the court orders otherwise. This rule does not affect the right of a party to employ additional attorneys who, if members of The Florida Bar, may appear at any time.
Rule History
1975 Revision: Subdivision (a) is same as prior rule 5.040 with added provision for withdrawal of attorney similar to Florida Rule of Appellate Procedure 2.3(d)(2). Subdivision (b) reflects ruling in case of State ex rel. Falkner v. Blanton, 297 So.2d 825 (Fla.1974).
1977 Revision: Editorial change requiring filing of petition for withdrawal and service of copy upon interested persons. Editorial change in citation forms in rule and committee note.
1984 Revision: Minor editorial changes and addition of subdivision (c). Committee notes expanded.
1988 Revision: Editorial changes and order of subdivisions rearranged. Committee notes expanded. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
2005 Revision: Committee notes revised.
2006 Revision: Committee notes revised.
Statutory References
§ 731.301, Fla. Stat. Notice.
§ 733.106, Fla. Stat. Costs and attorney’s fees.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.6175, Fla. Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
§ 744.108, Fla. Stat. Guardian’s and attorney’s fees and expenses.
Rule References
Fla. Prob. R. 5.041(b) Service of pleadings and papers.
*737 Fla. Prob. R. 5.110(b), (c) Resident agent.
Fla. R. Jud. Admin. 2.060505 Attorneys.
Fla. R.App. P. 9.440 Attorneys.
RULE 5.040. NOTICE
(a)-(d) [No Change]
Committee Notes
Formal notice is the method of service used in probate proceedings and the method of service of process for obtaining jurisdiction over the person receiving the notice.
Informal notice is the method of service of notice given to interested persons entitled to notice when formal notice is not given or required.
Reference in this rule to the terms “mail” or “mailing” refers to use of the United States Postal Service.
Rule History
1975 Revision: Implements section 731.301, Florida Statutes.
1977 Revision: Reference to elisor.
1980 Revision: Editorial changes. Clarification of time for filing defenses after formal notice. Authorizes court to give relief to delinquent respondent from ex parte status; relief from service on numerous persons; allows optional use of formal notice.
1984 Revision: Editorial changes. Eliminates deadline for filing as opposed to serving defenses after formal notice; defines procedure subsequent to service of defenses after formal notice; new requirements for service of formal notice on incompetents and corporations; defines when service of formal notice is deemed complete; provisions relating to method of service of informal notice transferred to new rules 5.041 and 5.042; eliminates waiver of notice by will.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1991 Revision: Subdivision (b) amended to define informal notice more clearly.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (a) amended to permit service of formal notice by commercial delivery service to conform to 1993 amendment to section 731.301(1), Florida Statutes. Editorial changes.
2001 Revision: Editorial changes in subdivision (a)(3)(A) to clarify requirements for service of formal notice.
2003 Revision: Committee notes revised.
2005 Revision: Subdivision (a)(3)(A) amended to delete requirement of court approval of commercial delivery service.
2006 Revision: Committee notes revised.
Statutory References
§ 1.01(3), Fla. Stat. Definitions.
ch. 48, Fla. Stat. Process and service of process.
ch. 49, Fla. Stat. Constructive service of process.
§ 731.105, Fla. Stat. In rem proceeding.
§ 731.201(16), (20), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.502, Fla. Stat. Resignation of personal representative.
§ 733.613, Fla. Stat. Personal representative’s right to sell real property.
§ 733.6175, Fla. Stat. Proceedings for review of employment of agents and com *738 pensation of personal representatives and employees of estate.
§ 733.901, Fla. Stat. Final discharge.
§ 744.106, Fla. Stat. Notice.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.441, Fla. Stat. Powers of guardian upon court approval.
§ 744.447, Fla. Stat. Petition for authorization to act.
§ 744.477, Fla. Stat. Proceedings for removal of a guardian.
Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.030 Attorneys.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. R. Jud. Admin. 2.060505 Attorneys.
Fla. R. Civ. P. 1.070 Process.
Fla. R. Civ. P. Form 1.902 Summons.
RULE 5.041. SERVICE OF PLEADINGS AND PAPERS
(a)-(g) [No Change]
Committee Notes
Derived from Florida Rule of Civil Procedure 1.080. Regulates the service of pleadings and papers in proceedings on petitions or motions for determination of rights. It is not applicable to every pleading and paper served or filed in the administration of a guardianship or decedent’s estate.
Rule History
1984 Revision: New rule. Subdivision (c) is same as former rule 5.040(d).
1988 Revision: Committee notes revised. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (b) amended to allow service to be made by facsimile. Committee notes revised.
2000 Revision: Subdivision (b) amended to clarify requirements for service of pleadings and papers. Subdivision (e) amended to clarify date of filing. Editorial changes in subdivision (f).
2003 Revision: Committee notes revised.
2005 Revision: Changes in subdivisions (b) and (f) to clarify service requirements, and editorial changes in (e).
2006 Revision: Committee notes revised.
Statutory References
§ 731.201, Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.705(2), (4), Fla. Stat. Payment of and objection to claims.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
*739 § 744.447, Fla. Stat. Petition for authorization to act.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.030 Attorneys.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.150(c) Order requiring accounting.
Fla. Prob. R. 5.180(a)(1) Waiver and consent.
Fla. Prob. R. 5.240(a) Notice of administration.
Fla. Prob. R. 5.340(d) Inventory.
Fla. Prob. R. 5.550 Petition to determine incapacity.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. R. Civ. P. 1.080 Service of pleadings and papers.
Fla. R. Jud. Admin. 2.060505 Attorneys.
RULE 5.080. DISCOVERY AND SUBPOENA
(a)-(c) [No Change]
Committee Notes
Subdivision (b) is not intended to result in the assessment of costs, including attorney’s fees, in every instance in which discovery is sought. Subdivision (c) is not intended to overrule the holdings in In re Estate of Shaw, 340 So.2d 491 (Fla. 3d DCA 1976), and In re Estate of Posner, 492 So.2d 1093 (Fla. 3d DCA 1986).
Rule History
1975 Revision: This rule is the same as prior rule 5.080, broadened to include guardianships and intended to clearly permit the use of discovery practices in non-adversary probate and guardianship matters.
1977 Revision: Editorial change in citation form in committee note.
1984 Revision: Florida Rules of Civil Procedure 1.290, 1.300, 1.351, and 1.410 have been added.
1988 Revision: Subdivision (a)(15) deleted as duplicative of rule 5.070 Subpoena. Editorial change in (b). Citation form change in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Reference to rule 1.400 eliminated because of deletion of that rule from the Florida Rules of Civil Procedure. Editorial change.
2002 Revision: Reference to rule 1.410 transferred to subdivision (a) from former rule 5.070. Subdivision (b) amended to give court discretion to assess attorneys’ fees. Subdivision (c) added. Committee notes revised.
2006 Revision: Committee notes revised.
Statutory References
§ 731.201(21), Fla. Stat. General definitions.
§ 733.106, Fla. Stat. Costs and attorney’s fees.
§ 744.105, Fla. Stat. Costs.
§ 744.108, Fla. Stat. Guardian’s and attorney’s fees and expenses.
Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. R. Jud. Admin. 2.076535 Court reporting.
*740 RULE 5.120. ADMINISTRATOR AD LITEM AND GUARDIAN AD LITEM
(a)-(g) [No Change]
Committee Notes
Rule History
1977 Revision: Editorial change in (a) limiting application of rule to probate and guardianship proceedings. In (b) the petition for appointment of a guardian need not be verified. Deletion of (g) as being substantive rather than procedural and changing former (h) to new (g). Change in committee note to conform to statutory renumbering.
This rule implements sections 731.303(5), 733.308, and 744.391, Florida Statutes, and includes some of the provisions of prior rule 5.230.
1988 Revision: Editorial changes; captions added to paragraphs. Citation form changes in committee notes.
1992 Revision: Addition of phrase in subdivision (a) to conform to 1992 amendment to section 731.303(5), Florida Statutes. Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
2006 Revision: Committee notes revised.
Statutory References
§ 731.303, Fla. Stat. Representation.
§ 733.308, Fla. Stat. Administrator ad litem.
§ 733.708, Fla. Stat. Compromise.
-§ 744.301, Fla. Stat. Natural guardians.
§ 744,3025, Fla. Stat. Claims of minors.
§ 744.387, Fla. Stat. Settlement of claims.
§ 744.391, Fla. Stat. Actions by and against guardian or ward.
§ 744.446, Fla. Stat. Conflicts of interest; prohibited activities; court approval; breach of fiduciary duty.
RULE 5.180. WAIVER AND CONSENT
(a) - Waiver. An — Interested person, including a guardian-ad-litem, administrator ad litem, guardian-of-the property, or, if none, the natural guardian, personal representative,--trustee, or other-fiduciary,' or a sole holder-or-all co-holders-of-a-poweruf revocation or a power- of appointment, may in writing
(-l)-waive:
(A) formal notice;
(-B)-informal notice;
(Q-servlce -including serviee-of- notice of administration;
(D) disclosure of the amount of compensation-either-paid to or-to-be-paid to the personal.representatives, — attorneys, accountants, appraisers, or-.other agents employed by the personal representative;
(E) disclosure-of prior or proposed-distribution of assets;
(F) any right or notice or the filing of any- document, exhibit--or schedule required to be filed;
(G) any other proceedings-or — matters permitted-to-be- waived by law-or-by-these rules; and
(2) waive or consent-on-the person’s own behalf and on behalf of those the person represents to the-extent there is no-conflict of interest-
la) Manner of Execution. A waiver or consent as authorized by law shall be in writing and signed by the person executing the waiver or consent.
disclosure-of-the amount of, or manner of determining — compensation shall be signed by each par-ty-bearing the impact of the *741 compensation and shall be filed with the eourt, — The waiver shall contain The waiver or consent shall state:
(1) the person’s interest in the subject of the waiver or consent;
(2) if the person is signing in a fiduciary or representative capacity, the nature of the capacity;
(3) expressly what is being waived or consented to; and
(4) if the waiver pertains to compensation, language declaring that the waiving party has actual knowledge of the amount and manner of determining the compensation and, in addition, either:
(44(A) that the party has agreed to the amount and manner of determining that compensation and waives any objection to payment; or
(2)(B) that the party has the right to petition the court to decrease determine the compensation and waives that right.
(c) Filing. The waiver or consent shall be filed.
Committee Notes
One person who serves in two fiduciary capacities may not waive or consent to the person’s acts without the approval of those whom the person represents. This rule represents a rule implementation of the procedure found in section 731.302, Florida Statutes.
Rule History
1977 Revision: Extends right of waiver to natural guardian; clarifies right to waive service of notice of administration.
1984 Revision: Extends waiver to disclosure of compensation and distribution of assets. Committee notes revised.
1988 Revision: Procedure from section 731.302, Florida Statutes, inserted as new (l)(f), and a new requirement that the waiver be in writing has been added. Editorial changes. Committee notes expanded. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Addition of specific fee waiver disclosure requirements found in § 733.6171(9), Florida Statutes, and expanded to cover all fees. Committee notes revised.
2003 Revision: Committee notes revised.
2006 Revision: Rule extensively amended to remove references to interested persons’ right to waive or consent, which is governed by section 731.302, Florida Statutes, and to address manner of execution and contents of waiver. Committee notes revised.
Statutory References
§ 731.302, Fla. Stat. Waiver and consent by interested person.
§ 731.303, Fla. Stat. Representation.
§ 733.6171, Fla. Stat. Compensation of attorney for the personal representative. § 733.901, Fla. Stat. Final discharge.-
ch. 737, Fla.-Stat. Trust administration,
§ 744.301, Fla. Stat. Natural guardians,
[[Image here]]
Fla. Prob. R--5.120 Administrator ■■■ad litem and guardian ad litem.
Fla. Prob. R. 5.400 Distribution and dis-
[[Image here]]
5⅛ — Prob,—⅛—5.680—Termination—of guardianship.-
Fla. Prob. R. 5.695 Annual guardianship report.
RULE 5.400. DISTRIBUTION AND DISCHARGE
(a)-(e) [No Change]
*742 Committee Notes
The rule establishes a procedure for giving notice and serving the final accounting, petition for discharge, and plan of distribution to all interested persons prior to distribution and discharge. No distinction is made in plans of distribution which distribute estate property in kind among multiple residual beneficiaries proportionate to their respective interests and those which include equalizing adjustments in cash or property and which do not make prorated distribution. If disclosure of the compensation or disclosure of the manner of determining the compensation in the petition for discharge is to be waived, the form of waiver must conform to rule 5.180(b).
Rule History
1980 Revision: Change in prior (a)(6) to require that an objection set forth the basis on which it is being made.
1984 Revision: This rule has been substantially revised. Portions of the prior rule are now incorporated in rules 5.400 and 5.401. The committee has included the procedure for filing and serving of objections to the final accounting, petition for discharge, plan of distribution, or compensation in rule 5.401.
1988 Revision: Subdivision (b)(1) is deleted to avoid duplication with rule 5.346. Subdivision (c) is amended to add the 12-month time specification of section 733.901(1), Florida Statutes. Committee notes revised. Citation form changes in committee notes.
1992 Revision: Subdivision (b)(5)(D) is added. Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Addition in (a)(4) of specific attorney fee compensation disclosure requirements found in § 733.6171(9), Florida Statutes, and expanded to cover all compensation. Committee notes revised.
2003 Revision: Committee notes revised.
2005 Revision: Subdivision (f) deleted to avoid duplication with rule 5.180.
2006 Revision: Committee notes revised.
Statutory References
§ 731.201(10), (21), Fla. Stat. General definitions.
§ 731.302, Fla. Stat. Waiver and consent by interested person.
§ 733.809, Fla. Stat. Right of retainer.
§ 733.810, Fla. Stat. Distribution in kind; valuation.
§ 733.811, Fla. Stat. Distribution; right or title of distributee.
§ 733.812, Fla. Stat. Improper distribution or payment; liability of distributee or payee.
§ 733.901, Fla. Stat. Final discharge.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.330 Execution by personal representative.
Fla. Prob. R. 5.346 Fiduciary accounting.
Fla. Prob. R. 5.401 Objections to petition for discharge or final accounting.
Fla. R. Jud. Admin. 2.085(d)(l)(D)250(a)(l)(D) Time standards for trial and appellate courts and reporting requirements.
*743 RULE 5.550. PETITION TO DETERMINE INCAPACITY
(a)-(b) [No Change]
(c) Verified Statement. An interested person may file a verified statement that shall state:
(1) that he or she has a good faith belief that the alleged incapacitated person’s trust, trust amendment, or durable power of attorney is invalid; and
(2) facts constituting a reasonable basis for that belief.
(d) Order. When an order determines that a person is incapable of exercising delegable lights, it shall specify whether there is an alternative to guardianship that will sufficiently address the problems of the incapacitated person.
Committee Notes
Rule History
1980 Revision: Implements 1979 amendments to section 744.331, Florida Statutes.
1984 Revision: Change in title of rule. Editorial changes and adds a provision for service of petition. Committee notes revised.
1988 Revision: Committee notes revised. Citation form changes in committee notes.
1989 Revision by Ad Hoc Committee: The committee realized that formal notice as defined in rule 5.040(a)(1) requires the recipient of notice to file a responsive pleading within 20 days after the service of the notice. The committee believed that to impose such a requirement on the alleged incapacitated person would contravene the legislative intent of the 1989 revisions to chapter 744, Florida Statutes. The committee observed that the time required for appointment of mandatory appointed counsel might render a responsive pleading within 20 days impossible for the alleged incapacitated person. The committee concluded that, procedurally, notice upon the alleged incapacitated person should occur in the same manner as formal notice in rule 5.040, but the required response under that rule should not be imposed upon the alleged incapacitated person.
1991 Revision: Implements 1989 amendments to sections 744.3201 and 744.331, Florida Statutes, and 1990 technical amendments.
1992 Revision: Citation form changes in committee notes.
2006 Revision: Subdivisions (c) and (d) added to incorporate 2006 amendment to section 744.441 and creation of section 744.462, Florida Statutes. Committee notes revised.
Statutory References
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.441(11), Fla. Stat. Powers of guardian upon court approval.
§ 744.462, Fla. Stat. Determination regarding alternatives to guardianship.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040(a)(3) Notice.
Fla. Prob. R. 5.800(a) Application of revised chapter 744 to existing guardian-ships.
RULE 5.552. VOLUNTARY GUARDIANSHIP OF PROPERTY
(a)-(c) [No Change]
*744 (d) Annual Report. The annual report shall be accompanied by a certificate from a licensed physician as required by law.
(de) Termination. The ward may terminate a voluntary guardianship by filing a notice of termination. Copies of the notice shall be served on all interested persons. The guardian shall file a petition for discharge in accordance with these rules.
Committee Notes
Rule History
2003 Revision: New rule.
2006 Revision: New (d) added to incorporate 2006 amendment to section 744.341, Florida Statutes, requiring inclusion of physician’s certificate in annual report, and subsequent subdivision relettered. Committee notes revised.
Statutory Reference
§ 744.341, Fla. Stat. Voluntary guardianship.
Rule Reference
Fla. Prob. R. 5.680 Termination of guardianship.
Fla. Prob. R. 5.695 Annual guardianship report.
RULE 5.555. GUARDIANSHIPS OF MINORS
(a)-(d) [No Change]
(e) Initial and Annual Guardianship Reports.
(1) The initial guardianship report shall consist only of the verified inventory. The annual guardianship report shall consist only of the annual accounting.
(2) Unless otherwise ordered by tho court, theThe guardian need-notshall file an initial ©rand annual guardianship plan as required by law.
(3) Unless otherwise ordered by the court or required by law, the guardian need not serve a copy of the initial guardianship report and the annual guardianship reports on the wardif the ward is under fee-age of 14 years.
(f) [No Change]
Committee Notes
The provisions of chapter 744, Florida Statutes, and the guardianship rules enacted in 1989 leave some uncertainty with respect to the procedural requirements in guardianships for minors who are not incapacitated persons. This rule is intended to address only certain procedures with respect to the establishment and administration of guardianships over minors. The committee believes that certain provisions of the guardianship law and rules apply to both guardianships of minors as well as guardianships of incapacitated persons and no change has been suggested with respect to such rules. Because no adjudication of a minor is required by statute, it is contemplated that appointment of a guardian for a minor may be accomplished without a hearing. Initial and annual guardianship reports for minors have been simplified where all assets are on deposit with a designated financial institution under applicable Florida law.
Rule History
1991 Revision: New rule adopted to apply to guardianships over minors who are not incapacitated persons.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
1996 Revision: Committee notes revised.
2000 Revision: Deletes requirement in subdivision (c) to report social security number of proposed guardian.
2003 Revision: Deletes requirement in subdivision (c) to report social security number of minor. Committee notes revised.
*745 2006 Revision: Subdivision (e)(2) amended to conform to requirement in sections 744,362(1) and 744.3675, Florida Statutes, to file initial and annual guardianship plans. Subdivision (e)(3) amended to eliminate requirement of service on ward unless ordered by court or required by statute.
Statutory References
§ 69.031, Fla. Stat. Designated financial institutions for assets in hands of guardians, curators, administrators, trustees, receivers, or other officers.
§ 744.3021, Fla. Stat. Guardians of minors.
§ 744.334, Fla. Stat. Petition for appointment of guardian or professional guardian; contents.
§ 744.3371(2), Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.342, Fla. Stat. Minors; guardianship.
§ 744.362, Fla. Stat. Initial guardianship report.
§ 744.363, Fla. Stat. Initial guardianship plan.
§ 744.365, Fla. Stat. Verified inventory.
§ 744.367, Fla. Stat. Duty to file annual guardianship report.
§ 744.3675, Fla. Stat. Annual guardianship plan.
§ 744.3678, Fla. Stat. Annual accounting.
§ 744.3679, Fla. Stat. Simplified accounting procedures in certain cases.
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.541 Recording of hearings.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. Prob. R. 5.620 Inventory.
Fla. Prob. R. 5.636 Settlement of minors’ claims.
Fla. Prob. R. 5.690 Initial guardianship report.
RULE 5.560. PETITION FOR APPOINTMENT OF GUARDIAN OF AN INCAPACITATED PERSON
(a)Contents. The petition shall be verified by the petitioner and shall state:
(1) the facts to establish venue;
(2) the petitioner’s residence and post office address;
(3) the name, age, and residence and post office address of the alleged incapacitated person;
(4) the nature of the incapacity, the extent of guardianship, either limited or plenary, requested for the alleged incapacitated person, and the nature and value of property subject to the guardianship;
(5) the names and addresses of the next of kin of the alleged incapacitated person known to the petitioner;
(6) the name and residence and post office address of the proposed guardian, and that the proposed guardian is qualified to serve, or that a willing and qualified guardian has not been located;
(7) the proposed guardian’s relationship to and any previous association with the alleged incapacitated person; and
(8) the reasons why the proposed guardian should be appointed;
(9) whether there are alternatives to guardianship known to the petitioner that may sufficiently address the problems of the alleged incapacitated person in whole or in part; and
*746 (10) if the proposed guardian is a professional guardian, a statement that the proposed guardian has complied with the registration requirements of section 744.1083, Florida Statutes.
(b)-(c) [No Change]
Committee Notes
Rule History
1975 Revision: Substantially the same as section 744.334, Florida Statutes, expanded to include provisions of section 744.302, Florida Statutes, and section 744.312, Florida Statutes, by reference.
1977 Revision: Change in committee notes to conform to statutory renumbering.
1980 Revision: Implements 1979 amendment to section 744.334, Florida Statutes.
1984 Revision: Combines rule 5.560 and part of prior rule 5.570. Editorial changes and committee notes revised.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1989 Revision by Ad Hoc Committee: Subdivision (a)(4) of the former rule has been deleted altogether because the date and court of adjudication will probably not be known at the time of filing the petition for the appointment since petition for appointment will henceforth be filed contemporaneously with the petition to determine incapacity.
1991 Revision: Implements 1989 amendments to sections 744.334 and 744.331(1), Florida Statutes, and 1990 technical amendments. Subdivision (c)(1) deleted because rule 5.555(d) addresses service on parents.
1992 Revision: Citation form changes in committee notes.
1996 Revision: Deletes requirement in subdivision (a) to report social security number of alleged incapacitated person. Adds provision to subdivision (b) for notice before hearing when petition is not served simultaneously with petition to determine incapacity.
2000 Revision: Deletes requirement in subdivision (a) to report social security number of proposed guardian.
2003 Revision: Committee notes revised.
2006 Revision: New (a)(9) added to incorporate 2006 passage of section 744.462, Florida Statutes. Subdivision (a)(10) added to implement section 744.1083, Florida Statutes. Committee notes revised.
Statutory References
§ 744.1083, Fla. Stat. Professional guardian registration.
§ 744.309, Fla. Stat. Who may be appointed guardian of a resident ward.
§ 744.312, Fla. Stat. Considerations in appointment of guardian.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.334, Fla. Stat. Petition for appointment of guardian or professional guardian; contents.
§ 744.3371(1), Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.341, Fla. Stat. Voluntary guardianship.
§ 744.344, Fla. Stat. Order of appointment.
§ 744.462, Fla. Stat. Determination regarding alternatives to guardianship.
§ 744.703, Fla. Stat. Office of public guardian; appointment, notification.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
*747 Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.550 Petition to determine incapacity.
RULE 5.590. APPLICATION FOR APPOINTMENT AS GUARDIAN; DISCLOSURE STATEMENT; FILING
(a)-(d) [No Change]
Committee Notes
Rule History
1988 Revision: Prior rule deleted; text of rule moved to rule 5.650.
1989 Revision: Rule reactivated with different title and text.
1991 Revision: Implements 1989 and 1990 amendments to section 744.3125, Florida Statutes.
1992 Revision: Citation form change in committee notes.
1996 Revision: Adds filing and service provisions consistent with rule 5.560. Corrects reference to corporations qualified to exercise fiduciary powers. Editorial changes. Adds statutory references.
2003 Revision: Committee notes revised.
2006 Revision: Committee notes revised.
Statutory References
§ 744.102(34), (4314), Fla. Stat. Definitions.
§ 744.309, Fla. Stat. Who may be appointed guardian of a resident ward.
§ 744.3125, Fla. Stat. Application for appointment.
§ 744.331(1), Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
RULE 5.625. NOTICE OF COMPLETION OF GUARDIAN EDUCATION REQUIREMENTS
(a) Filing. Unless the guardian education requirement is waived by the court, each guardian, other than a professional guardian, shall file with the court within 4 year4 months after the issuance of letters of guardianship a notice of completion of guardian education requirements.
(b)-(c) [No Change]
Committee Notes
Rule History
2005 Revision: New rule.
2006 Revision: Subdivision (a) amended to conform to 2006 amendment to section 744.3145(4), Florida Statutes.
Statutory Reference
§ 744.3145, Fla. Stat. Guardian education requirements.
RULE 5.630. PETITION FOR APPROVAL OF ACTS
(a) Contents. When authorization or confirmation of any act of the guardian is required, application shall be made by verified petition stating the facts showing:
(1) the expediency or necessity for the action;
(2) a description of any property involved;
(3) the price and terms of any sale, mortgage, or other contract;
(4) whether the ward has been adjudicated incapacitated to act with respect to the rights to be exercised; and
(5) whether the action requested conforms to the guardianship plan; and
(6) the basis for the relief sought.
(b) [No Change]
(c) Order.
*748 (1) If the act is authorized or confirmed, the order shall describe the permitted act and authorize the guardian to perform it or confirm its performance.
(2) If a sale or mortgage is authorized or confirmed, the order shall describe the property. If a sale is to be private, the order shall specify the price and the terms of the sale. If a sale is to be public, the order shall state that the sale shall be made to the highest bidder and that the court reserves the right to reject all bids.
(3) If the guardian is authorized to bring an action to contest the validity of all or part of a revocable trust, the order shall contain a finding that the action appears to be in the ward’s best interests during the ward’s probable lifetime. If the guardian is not authorized to bring such an action, the order shall contain a finding concerning the continued need for a guardian and the extent of the need for delegation of the ward’s rights.
Committee Notes
Rule History
1975 Revision: Substantially the same as sections 744.503, 744.447, and 744.451, Florida Statutes, with editorial changes.
1977 Revision: Change in statutory reference in rule and in committee note to conform to statutory renumbering.
1980 Revision: Implements 1979 amendment to section 744.447(2), Florida Statutes.
1988 Revision: Editorial changes; captions added to subdivisions. Committee notes revised. Citation form changes in rule and committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Changes to conform to 1989 revised guardianship law.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
2006 Revision: New (a)(6) added to incorporate 2006 amendment to section 744.441, Florida Statutes. New (c)(3) added to reflect passage of 2006 amendment to section 737.2065, Florida Statutes. Committee notes revised.
Statutory References
§ 737.2065, Fla. Stat. Trust contests.
§ 744.3215, Fla. Stat. Rights of persons determined incapacitated.
§ 744.441, Fla. Stat. Powers of guardian upon court approval.
§ 744.447, Fla. Stat. Petition for authorization to act.
§ 744.451, Fla. Stat. Order.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.610 Execution by guardian.
Fla. Prob. R. 5.636 Settlement of minors’ claims.
RULE 5.636. SETTLEMENT OF MINORS’ CLAIMS
(a)-(c) [No Change]
(d) Guardian Ad Litem. The court shall appoint a guardian ad litem on behalf of a minor, without bond or notice, with respect to any proposed settlement that exceeds $¾⅝⅛0050,000 and affects the interests of the minor, if:
*749 (1) there is no court-appointed guardian of the minor;
(2) the court-appointed guardian may have an interest adverse to the minor; or
(3) the court determines that representation of the minor’s interest is otherwise inadequate.
(e)Valuation of Proposed Settlement. A proposed settlement is deemed to exceed $25iQQ650,000 if the gross amount payable exceeds $25,00050,000, without reduction to reflect present value or fees and costs.
(f) [No Change]
Committee Notes
When a civil action is pending, the petition for approval of settlement should be filed in that civil action. In all other circumstances, the petition for approval of settlement should be filed in the same court and assigned to a judge who would preside over a petition for appointment of guardian of a minor.
The total settlement to be considered under subdivisions (d) and (e) is not limited to the amounts received only by the minor, but includes all settlement payments or proceeds received by all parties to the claim or action. For example, the proposed settlement may have a gross value of $30,00060,000, with $15,00030,000 payable to the minor and $15,00030,000 payable to another party. In that instance the total proposed settlement exceeds $25,00650,000. Further, the “gross amount payable” under subdivision (e) is the total sum payable, without reducing the settlement amount by fees and costs that might be paid from the proceeds of the settlement. For example, if the proposed settlement is $36^)0660,000 but $1-0-00020,000 of that sum will be paid to the attorneys representing the minor’s interest in the action, the “gross amount payable” still exceeds $25,00050,000. Likewise, the “gross amount payable” cannot be reduced to reflect the present value of the proposed settlement on behalf of the minor.
Rule History
1992 Revision: New rule.
2003 Revision: Committee notes revised. 2006 Revision: Amended to reflect 2006 passage of new section 744.3025, Claims of Minors, increasing dollar figure from $25,000 to $50,000 as threshold amount requiring appointment of guardian ad li-tem if interests of minor are not otherwise adequately represented. Committee notes revised.
Statutory References
§ 744.301, Fla. Stat. Natural guardians.
§ 744.3025, Fla. Stat. Claims of minors.
§ 744.387, Fla. Stat. Settlement of claims.
§ 744.391, Fla. Stat. Actions by and against guardian or ward.
§ 744.441, Fla. Stat. Powers of guardian upon court approval.
§ 744.446, Fla. Stat. Conflicts of interest; prohibited activities; court approval; breach of fiduciary duty.
§ 744.447, Fla. Stat. Petition for authorization to act.
§ 768.23, Fla. Stat. Protection of minors and incompetents.
§ 768.25, Fla. Stat. Court approval of settlements.
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.120 Administrator ad litem and guardian ad litem.
Fla. Prob. R. 5.610 Execution by guardian.
*750 Fla. Prob. R. 5.630 Petition for approval of acts.
RULE 5.646. STANDBY GUARDIANS
(a)Petition for Appointment of Standby Guardian for Minor.
(1) Contents. A minor’s guardian or the natural guardians of a minor may petition for the appointment of a standby guardian of the person or property of the minor. The petition shall be verified by the petitioner and shall state:
(A) the facts to establish venue;
(B) the petitioner’s residence and post office address;
(C) the name, age, and residence and post office address of the minor;
(D) the names and addresses of the parents of the minor and, if none, the next of kin known to the petitioner;
(E) the name and residence and post office address of the proposed standby guardian, and that the proposed standby guardian is qualified to serve;
(F) the proposed standby guardian’s relationship to and any previous association with the minor;
(G) the reasons why the proposed standby guardian should be appointed; and
(H) the nature and value of the property subject to the guardianship.
(2) Notice and Waiver of Notice. Notice of the hearing on the petition must be served on the parents, natural or adoptive, of the minor and on any guardian for the minor. Notice may be waived by those required to receive notice or by the court for good cause.
(b) Petition for Appointment of Standby Guardian for Incapacitated Person.
(1) Contents. A currently serving guardian may petition for the appointment of a standby guardian of the person or property of an incapacitated person. The petition shall be verified by the petitioner and shall state:
(A) the petitioner’s residence and post office address;
(B) the name, age, and residence and post office address of the incapacitated person;
(C) the nature of the incapacity, the extent of guardianship, either limited or plenary, and the nature and value of property subject to the guardianship;
(D) the names and addresses of the next of kin of the incapacitated person known to the petitioner;
(F) the proposed standby guardian’s relationship to and any previous association with the incapacitated person; and
(G) the reasons why the proposed standby guardian should be appointed.
(2) Notice. Notice of the hearing on the petition must be served on the incapacitated person’s next of kin.
(c) Petition for Confirmation.
(1) Contents. A standby guardian, not later than 20 days after the assumption of duties as guardian, shall petition for confirmation of appointment. The petition shall be verified by the petitioner and shall state:
(A) the petitioner’s residence and post office address;
(B) the name, age, and residence and post office address of the incapacitated person or minor;
(C) the nature of the incapacity, the extent of guardianship, either limited or *751 plenary, and the nature and value of property subject to the guardianship;
(D) the names and addresses of the next of kin of the incapacitated person or minor known to the petitioner;
(E) the name and residence and post office address of the proposed guardian, and that the proposed guardian is qualified to serve;
(F) the proposed guardian’s relationship to and any previous association with the incapacitated person or minor;
(G) the reasons why appointment of the proposed guardian should be confirmed; and
(H) if the proposed guardian is a professional guardian, a statement that the proposed guardian has complied with the educational requirements of section 744.1083, Florida Statutes.
(2) Service. The petition for confirmation and notice of hearing shall be served on the incapacitated person’s hext of kin a reasonable time before the hearing on the petition or other pleading seeking confirmation of the guardian.
Committee Notes
The standby guardian must file an oath pursuant to rule 5.600 before commencing the exercise of authority as guardian. Pri- or to appointment, the standby guardian must file an application pursuant to rule 5.590.
Rule History
2006 Revision: New rule.
Statutory Reference
§ 744.304, Fla. Stat. Standby guardianship
Rule References
Fla. Prob. R. 5.590 Application for appointment as guardian; disclosure statement; filing.
Fla. Prob: R. 5.600 Oath.
RULE 5.647. SURROGATE GUARDIAN
(a) Petition for Designation of Surrogate Guardian. A guardian may file a petition to designate a surrogate guardian to exercise the powers of the guardian if the guardian is unavailable to act. The surrogate must be a professional guardian. The petition shall state:
(1) the name and business address of the surrogate guardian;
(2) the requested duration of the appointment; and
(3) the powers to be exercised by the surrogate guardian.
(b) Service. The petition for appointment of a ■ surrogate guardian shall be served on all interested persons and the ward, unless the ward is a minor.
(c) Oath. The surrogate guardian must file with the court an oath swearing or affirming that the surrogate guardian will faithfully perform the duties delegated.
(d) Termination. Prior to the expiration of the period granted by court order, the guardian may terminate the authority of the surrogate guardian by filing a written notice of the termination with the court and serving it on the surrogate guardian.
Committee Notes
Rule History
2006 Revision: New rule.
Statutory Reference
§ 744.442, Fla. Stat. Delegation of authority.
*752 RULE 5.660. PROCEEDINGS FOR REMOVAL OF GUARDIAN
(a) [No Change]
(b) Accounting. A removed guardian shall file with the court an accounting for the guardianship within 20 days after the guardian’s removal. A copy of the accounting shall be served on the successor guardian and the ward, unless the ward is a minor.
(c)-(d) [No Change]
Committee Notes
Rule History
1977 Revision: No change in rule. Change in committee notes to conform to statutory renumbering.
1980 Revision: Subdivision (a) amended to specifically authorize any guardian or next of kin to file the petition and to require formal notice in conformity with rule 5.630(b).
1984 Revision: Subdivision (b) amended to conform to statute. Editorial changes and committee notes revised.
1988 Revision: Subdivision (a) rewritten for clarity. Language in (b) deleted as surplusage. Editorial change in caption of (c). Committee notes revised. Citation form change in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Subdivision (a) amended to require that the petition allege specific reasons why the guardian should be removed and to require service of the petition on the ward. Otherwise, editorial changes in all subdivisions.
1992 Revision: Citation form changes in committee notes.
2006 Revision: Requirement in (b) to serve minors deleted to conform to 2006 amendment to section 744.511, Florida Statutes.
Statutory References
§ 744.474, Fla. Stat. Reasons for removal of guardian.
§ 744.477, Fla. Stat. Proceedings for removal of a guardian.
§ 744.511, Fla. Stat. Accounting upon removal.
§ 744.514, Fla. Stat. Surrender of property upon removal.
§ 744.517, Fla. Stat. Proceedings for contempt.
Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041(b) Service of pleadings and papers.
RULE 5.680. TERMINATION OF GUARDIANSHIP
(a)-(b) [No Change]
(c) Final Report. The guardian of the property shall promptly file a final report. If the ward has died, the guardian must file the report no later than 45 days after he or she has been served with letters of administration, letters of curatorship, or an order of summary administration. The report shall showing receipts, disbursements, amounts reserved for unpaid and anticipated disbursements, costs, and fees, including the amounts set forth in subdivision (b)(3), and other relevant financial information from the date of the previous annual accounting, and a list of the assets to be turned over to the person entitled to them.
(d)-(g) [No Change]
(h) Waiver, Any portion of the petition for-discharge, including-the final reportror the time-for- filing of objections may — b& waived by any interested person.
*753 Committee Notes
Rule History
1975 Revision: Implements sections 744.527 and 744.531, Florida Statutes, and also requires the guardian applying for discharge to do so by filing a petition for discharge and provides the procedure pertaining thereto.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Captions added to subdivisions. Committee notes revised. Citation form changes in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Substantial revision of entire rule to harmonize with procedure for discharge of personal representatives under rules 5.400 and 5.401.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
1996 Revision: Editorial changes to clarify that all anticipated costs and fees should be shown on final report and thereafter paid prior to transfer of assets and discharge of guardian.
2003 Revision: Subdivision (a) amended to reflect addition of rule 5.552 dealing with voluntary guardianship of property. Committee notes revised.
2006 Revision: Subdivision (c) amended to conform to 2006 amendments to section 744.527, Florida Statutes. Subdivision (h) deleted as unnecessary because substantive right of waiver is provided by section 731.302, Florida Statutes..
Statutory References
§ 744.521, Fla. Stat. Termination of guardianship.
§ 744.527, Fla. Stat. Final reports and application for discharge; hearing.
§ 744.528, Fla. Stat. Discharge of guardian named as personal representative.
§ 744.531, Fla. Stat. Order of discharge.
§ 744.534, Fla. Stat. Disposition of unclaimed funds held by guardian.
Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.552 Voluntary guardianship of property.
Fla. Prob. R. 5.610 Execution by guardian.
RULE 5.685. DETERMINATION REGARDING ALTERNATIVES TO GUARDIANSHIP
(a) Reporting by Guardian. The guardian shall promptly file a report attaching a copy of a final order or judgment that determines the validity of a ward’s durable power of attorney, trust, or trust amendment.
(b) Petition. At any time after the appointment of a guardian, the guardian, the ward, the ward’s attorney, if any, or any other interested person may file a verified petition stating that there is an alternative to guardianship that will sufficiently address the problems of the ward.
(c) Contents of Petition. The petition to determine alternatives to guardianship shall state:
(1) the petitioner’s interest in the proceeding; and
(2) the facts constituting the basis for the relief sought and that the proposed alternative to guardianship will sufficiently address the problems of the ward and is in the ward’s best interest.
*754 (d) Service. The petition shall be served on the guardian, the ward, the ward’s attorney, if any, those interested persons who have filed requests for notices and copies of pleadings, and such other persons as the court may direct.
(e) Order. The order shall specify whether there is an alternative to guardianship that will sufficiently address the problems of the ward, the continued need for a guardian, and the extent of the need for delegation of the ward’s rights.
Committee Notes
Rule History
2006 Revision: New rule.
Statutory References
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744,462, Fla. Stat. Determination regarding alternatives to guardianship.
RULE 5.695. ANNUAL GUARDIANSHIP REPORTS
(a) [No Change]
(b) Service. Copies of the annual plan and accounting shall be served on the ward, unless the ward is a minor under the age-of 14 years or is totally incapacitated, and the attorney for the ward, if any. With the approval of the court, service on the ward may be accomplished by serving the attorney for the ward. The guardian shall serve copies on such other persons as the court may direct.
Committee Notes
The annual guardianship report consists of the annual plan for the guardian of the person and the annual accounting for the guardian of the property.
For annual guardianship reports regarding minors, see rule 5.555.
With approval of the court, service on the ward may be accomplished by service on the attorney for the ward, if any. The committee was concerned that actual service on a ward of the accounting or guardianship plan may give uninterested persons access to financial or personal information to the detriment of the ward. The committee believes that under such circumstances, the guardian of the property could seek an order under section 744.371(5), Florida Statutes, even if the ward’s circumstances were set out in detail in a pleading other than the annual guardianship report. Such court order may be sought in appropriate circumstances at the time of the initial hearing to determine incapacity.
Rule History
1975 Revision: Substantially the same as section 744.427(1), (2), and (4), Florida Statutes, and section 744.437, Florida Statutes, with editorial changes and providing for the waiving, by a ward who has become sui juris or by the personal representative of a deceased ward, of the filing of an annual accounting. The rule requires the guardian of the property of a ward to appear before the court at the time he files his annual accounting or at such time the court shall determine in order that the court may inquire as to any matter relating to the physical and financial well-being of the ward. This appears to be in conflict with section 744.437, Florida Statutes, which refers to “every guardian” but in the same sentence it refers to “at the time the guardian files his annual return” and only the guardian of the property is required to file an annual accounting.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1980 Revision: Subdivision (e) amended to avoid conflict with statutory changes in section 744.437, Florida Statutes (1979).
*755 1988 Revision: Matter in (b) deleted; covered in sections 744.427(2) and 744.434, Florida Statutes. Subdivision (c) deleted; covered in section 744.427(4), Florida Statutes. Captions added to subdivisions. Committee notes revised. Citation form changes in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Substantial changes and rule renumbered.
1992 Revision: Addition of language in subdivisions (a)(1) and (a)(2) to implement 1992 amendments to sections 744.367(1) and (2), Florida Statutes. Committee notes revised. Citation form changes in committee notes.
2006 Revision: Requirement in (b) to serve minors age 14 and above deleted to conform to amendment to section 744.367(3), Florida Statutes. Committee notes revised.
Statutory References
§ 744.367, Fla. Stat. Duty to file annual guardianship report.
§ 744.3675, Fla. Stat. Annual guardianship plan.
§ 744.3678, Fla. Stat. Annual accounting.
§ 744.3685, Fla. Stat. Order requiring guardianship report; contempt.
§ 744.3701, Fla. Stat. Inspection of report.
§ 744.371, Fla. Stat. Relief to be granted.
§ 744.3735, Fla. Stat. Annual appearance of the guardian.
Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. "5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.552 Voluntary guardianship of property.
Fla. Prob. R. 5.555 Guardianships of minors.
Fla. Prob. R. 5.610 Execution by guardian.
Fla. Prob. R. 5.700 Objection to guardianship reports.
Fla. Prob. R. 5.800(b) Application of revised chapter 744 to existing guardian-ships.
RULE 5.720. COURT MONITOR
(a) Appointment. Upon motion or inquiry by any interested person or upon its own motion, the court may appoint a court monitor in any proceeding over which it has jurisdiction.
(b) Order of Appointment. The order of appointment shall state the name, address, and phone number of the monitor and shall set forth the matters to be investigated. The order may authorize the monitor to investigate, seek information, examine documents, or interview the ward. The order of appointment shall be served upon the guardian, the ward, and such other persons as the court may determine.
(c) Report. The monitor shall file a verified written report with the court setting forth the monitor’s findings. The report shall be served on the guardian, the ward, and such other persons as the court may determine.
(d) Protection of Ward. If it appears from the monitor’s report that further action by the court to protect the interests of the ward is necessary, the court shall, after a hearing with notice, enter any or *756 der necessary to protect the ward or the ward’s estate, including amending the plan, requiring; an accounting, ordering production of assets, or initiating proceedings to remove a guardian. Notice of the hearing; shall be served on the guardian, the ward, and such other persons as the court may determine.
Committee Notes
This rule applies to the non-emergency appointment of court monitors.
Rule History
2006 Revision: New rule.
Statutory References
§ 744.107, Fla. Stat. Court monitors.
§ 744.3701, Fla. Stat. Inspection of report.
RULE 5.725. EMERGENCY COURT MONITOR
(a) Appointment. Upon motion or inquiry by any interested person or upon its own motion, the court may appoint a court monitor on an emergency basis without notice in any proceeding over which it has jurisdiction.
(b) Order of Appointment. The order of appointment shall specifically find that there appears to be imminent danger that the physical or mental health or safety of the ward will be seriously impaired or that the ward’s property is in danger of being wasted, misappropriated, or lost unless immediate action is taken. The scope of the matters to be investigated and the powers and duties of the monitor must be specifically enumerated in the order.
(c) Duration of Authority. The authority of a monitor appointed under this section expires 60 days after the date of appointment or upon a finding of no probable cause, whichever occurs first. The court may enter an order extending the authority of the monitor for an additional 30 days upon a showing that an emergency condition still exists.
(d) Report. Within 15 days after the entry of an order of appointment, the monitor shall file a verified written report setting forth the monitor’s findings and recommendations. The report may be supported by documents or other evidence. The time for filing the report may be extended by the court for good cause.
(e) Review. Upon review of the report, the court shall enter an order determining whether there is probable cause to take further action to protect the person or property of the ward.
(1) If the court finds no probable cause, the court shall enter an order finding no probable cause and discharging the monitor.
(2) If the court finds probable cause, the court shall enter an order directed to the respondent stating the essential facts constituting the conduct charged and requiring the respondent to appear before the court to show cause why the court should not take further action. The order shall specify the time and place of the hearing with a reasonable time to allow for the preparation of a defense after service of the order. A copy of the order to show cause together with the order of appointment and report of the monitor shall be served upon the guardian, the ward, the ward’s attorney, if any, and the respondent.
(f) Protecting Ward. If at any time prior to the hearing on the order to show cause the court enters a temporary injunction, a restraining order, an order freezing assets, an order suspending the guardian or appointing a guardian ad litem, or any other order to protect the physical or mental health, safety, or property of the ward, *757 the order or injunction shall be served on the guardian, the ward, the ward’s attorney, if any, and such other persons as the court may determine.
Committee Notes
Rule History
2006 Revision: New rule.
Statutory references
§ 744.1075, Fla. Stat. Emergency court monitor.